Sidney Squire, J.
This appropriation claim for $121,500 is the result of several appropriations for the construction of the New York State Thruway, the Hudson section, subdivision 10, pursuant to section 350 et seq. of the Public Authorities Law, cited according to section 350 as “ New York State thruway authority act ” [sic] and section 346 et seq. of the Highway Law, headed “ State Thruways ”.
At first, the State Superintendent of Public Works, acting for the State, caused to be prepared map No. 834 showing and describing parcel No. 868, for the fee taking of 15.266± acres (664,988± sq. ft.). This land and a building thereon were taken for the construction of the Thruway itself. Said map was filed in the office of the Secretary of State of New York on February 17, 1954 and in the office of the Westchester County Clerk on June 23, 1954.
*360 Thereafter, said Superintendent caused to he prepared map No. 1032, showing and describing parcel No. 1131, for the fee taking of 1.182± acres; parcel No. 1132, the fee taking of 2.619± acres; parcel No. 1133, permanent easement for drainage in, on and over 0.010± acre and parcel No. 1134, permanent easement for drainage in, on and over 0.053± acres. Said map No. 1032 described a total area of 3.864± acres required for access road purposes. That map was filed in the office of the Clerk of Westchester County on December 3, 1954.
The metes and bounds description of each appropriation herein is annexed hereto, marked “ Exhibit ” and made part hereof.
Claimant is a Delaware corporation, incorporated in 1947 and doing business in our State with its office in Westchester County. The claim herein which has not been assigned nor submitted to any other tribunal for audit or determination, was filed in the office of the clerk of this court on May 7, 1955, and a copy thereof served on the State Attorney-General on the same day.
The premises involved were known for many years as the Douglas property. By deed dated and acknowledged on June 21, 1950 and recorded in the office of the Clerk of Westchester County on June 30, 1950, the property involved at bar and contiguous land were conveyed by Elmer R. Stephens, Katherine Stuart Douglas and Denison Kitchel, as trustees under the last will and testament of Walter Douglas, deceased to ken-court, inc. Said grantee thereafter conveyed to all county realty core. Said grantor and grantee were subsidiaries of or corporations allied and identified with the claimant herein.
By deed dated and acknowledged on October 9, 1953 and recorded in the office of the same County Clerk on November 12, 1953, said all county realty core, conveyed its title to the claimant. The claimant continued in ostensible title and possession on the appropriation dates herein.
Originally, claimant’s group owned 75 contiguous acres. Over a period of time various portions thereof, 7 parcels, were sold and homes erected thereon. These were in the $35,000/$45,000 class. Said 7 parcels had aggregated about 32% acres. There remained 42% acres owned by claimant when the first appropriation occurred.
Claimant’s group was utilizing a sales map dated September 29, 1950. On November 21, 1950, a survey dated October 31, 1950, of the group’s land had been filed in the office of the Westchester County Clerk. Said outline maps were intended *361 to present a general plan for laying out and improving the entire real property.
Claimant’s experts proceeded to prove the direct damages, as well as consequential. The State’s expert maintained that there were no consequential damages as a result of the takings involved. We disagree with the latter’s viewpoint and hold that there were consequential damages.
The highest and best available use for claimant’s land was for light industry, research and office purposes, as well as residential.
On July 7,1953, the Town Board of the Town of G-reenburgh wherein this property was located, had adopted a resolution changing the zone of portions of the land of claimant’s group and lands owned by others from residential “ 0-1 ” and residential “ R ” to light industrial “ L.I.” upon the petition dated and verified on April 10, 1953 by one of claimant’s allied corporations. The Planning Board of said town held a hearing on June 12, 1953 and then filed its written report on June 15, 1953 recommending the granting of the petition on certain express conditions. The subsequent action of the Town Board took place after a public hearing.
The trial herein consumed five days. The official stenographic minutes were received by the court on November 14, 1958. The case was finally submitted to the court on April 7, 1959. Both sides waived the submission of proposed decisions containing proposed findings of fact and proposed conclusions of law.
It was stipulated that for the purposes hereof the vesting date as to all appropriations (in fee or for easement) was September 12, 1954.
The fair and reasonable market value of claimant’s entire premises on said vesting date immediately before the appropriations herein, was $152,351. The fair and reasonable market value of claimant’s remaining premises immediately after the appropriation at bar, was $82,385. By reason of the appropriations herein, claimant was damaged in the amount of $69,966 for its land and building taken and for consequential damages to the remainder of its real property.
In determining the foregoing, we have considered the perpetual easement for aqueduct purposes. The premises involved were viewed by the court on two separate occasions; once before the trial and again immediately after the trial, each time in the company and presence of the respective counsel for the several parties hereto.
The implied motion of claimant for judgment is granted. Such motion of the defendants is denied.
*362 However, the judgment herein is to be entered only against the defendant, State of New York. According to the applicable statutes, the State is the appropriating sovereign acting through its Superintendent of Public Works. The New York State Thruway Authority is a superfluous defendant. The claim must be dismissed as to said Authority.
Judgment is to be entered accordingly (Civ. Prac. Act, § 440) (a) in favor of the claimant, continental building company, inc., against the defendant State of New York, for said $69,966 with interest thereon from September 12, 1954 to March 12, 1955 and from May 7, 1955 to the date of entry of judgment herein, and (b) dismissing the claim as against the defendant, New York State Thruway Authority.